UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK N.A., | Case No. 2:24-cv-1753-WBS-JDP |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GSK TRANSPORT, INC., *et al.*, | |
| Defendants. | |

  Plaintiff BMO Bank, N.A., brings this breach of contract action against defendants GSK Transport, Inc ("GSK") and Gagandeep Singh ("Singh"), alleging that defendants breached three loan agreements under which plaintiff financed defendants' purchase of refrigerated vans and equipment. Defendants have neither answered the complaint nor otherwise appeared. Plaintiff has filed its second renewed motion for default judgment. ECF No. 29.

**Background**

  In its complaint, plaintiff alleges that in March 2020, plaintiff and defendant GSK entered into two loan and security agreements, under which plaintiff agreed to finance GSK's purchase of equipment and GSK agreed to repay the loaned amount, plus interest, in monthly installments. ECF No. 1 ¶¶ 7, 10, Exs. A, D. In February 2021, GSK entered into a third loan and security agreement, under which plaintiff financed the purchase of additional equipment in exchange for GSK's agreement to repay the loan, plus interest, in monthly installments. *Id.* ¶ 13, Ex. G. Under

1

each agreement, GSK granted plaintiff a security interest in the equipment purchased. *Id.* ¶¶ 8, 11, 14, Exs. B, D, H. As further consideration to induce plaintiff to enter into the loan agreements, defendant Singh personally guaranteed the performance of GSK's present and future obligations under the loan agreements. *Id.* ¶¶ 9, 12, 15, Exs. C, F, I.

On May 31, 2024, plaintiff notified defendants that they were in default status under the loan agreements and demanded payment in full. *Id.* at Ex. J. Plaintiff also notified defendants that it had elected, pursuant to the terms of the loan agreements, to accelerate the balance due under each agreement, thereby requiring defendants to immediately satisfy the outstanding balance, including late fees. *Id.* Under the terms of the agreements, defendants are required to pay interest on all unpaid amounts at a default rate of eighteen percent per annum. *Id.* ¶ 22. Plaintiff alleges that as of May 31, 2024, the balance due principal due under all six agreements totaled $396,981.39. *Id.* ¶ 29.

Plaintiff commenced this action on June 21, 2024, alleging a claim for breach of contract against GSK and a claim for breach of guaranty against Singh. Plaintiff subsequently filed proofs of service showing that it completed service on Singh on July 1, 2024, and on GSK on July 11, 2024. ECF Nos. 5 & 6; *see* Fed. R. Civ. P. 4(e)(2)(B); Cal. Civ. P. Code § 415.20(a). After defendants failed to timely answer, plaintiff requested entry of their default, ECF No. 7, which the Clerk of Court entered on August 5, 2024, ECF No. 9. Plaintiff now moves for default judgment.[1]

## Legal Standard

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion

---

[1] Plaintiff previously moved for default judgment on two separate occasions. ECF Nos. 10 & 20. Both those motions were denied without prejudice for, among other things, plaintiff's failure to prove up its damages. ECF Nos. 18, 22, & 24.

for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

## Discussion

### A.    Appropriateness of the Entry of Default Judgment Under the *Eitel* Factors

The merits of plaintiff's substantive claims and the sufficiency of the complaint—factors two and three—weigh in favor of granting default judgment.

Each of the three loan agreements provide that claims arising out of the agreement shall be subject to the laws of Illinois. ECF No. 1 at Ex. A ¶ 7.6, Ex. D ¶ 7.6, Ex. G ¶ 7.6. A federal court sitting in diversity applies the rules of the state in which it sits. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 65 (2013). In California, "a freely and voluntarily agreed-upon choice of law provision in a contract is enforceable 'if the chosen state has a substantial relationship to the parties or the transaction or any other reasonable basis exists for the parties' choice of law.'" *1-800-Got Junk? LLC v. Super. Ct.*, 189 Cal. App. 4th 500, 513-14 (2010) (quoting *Trust One Mortg. Corp. v. Invest Am. Mortg. Corp.*, 134 Cal. App. 4th 1302,

3

1308 (2005)). There is "a strong policy in favor enforcing such provisions." *Id*. at 513.

Plaintiff does not specify which states' law should governs. The complaint alleges that plaintiff is a national banking association based in Chicago, Illinois. ECF No. 1 at 1. Thus, it appears that Illinois has a substantial relationship with at least one of the parties. Nevertheless, as plaintiff observes, the court need not decide whether Illinois or California law should be applied because these states have nearly identical laws governing breach of contract claims. *See First Am. Com. Bancorp, Inc. v. Vantari Genetics, LLC*, No. 2:19-cv-04483-VAP-FFM, 2020 WL 5027990, at *3 n.1 (C.D. Cal. Mar. 12, 2020); *Ramirez v. Baxter Credit Union*, No. 16-cv-03765-SI, 2017 WL 118859, at *4 (N.D. Cal. Jan. 12, 2017) ("The elements of a breach of contract claim under California and Illinois law are the same.").

To establish a breach of contract claim, a plaintiff must show the existence of a contract, performance by the plaintiff, breach of the contract by defendants, and damages to the plaintiff. *Amelco Elec. v. City of Thousand Oaks*, 27 Cal. 4th 228, 243 (2002); *Smart Oil, LLC v. DW Mazel, LLC*, 970 F.3d 856, 861 (7th Cir. 2020). Plaintiff alleges that it loaned GSK money to purchase the collateral in exchange for GSK's agreement to repay the loans. ECF No. 1 ¶¶ 7, 10, 13. Singh allegedly guaranteed GSK's full performance of the loan agreements. *Id*. ¶¶ 9, 12, 15. Defendants defaulted on their obligations and continue to owe plaintiff money under the loan agreements. *Id*. ¶¶ 24-30. Accepting these allegations as true, plaintiff has sufficiently alleged breach of contract claims against both defendants. Accordingly, the second and third factors weigh in favor of granting default judgment.

The remaining *Eitel* factors also favor default judgment. Defendants were properly served, *see* ECF Nos. 5 & 6, but have not responded. Thus, it appears that their default was not the result of excusable neglect. Moreover, the damages sought are based on the harm allegedly caused by defendants' conduct, and, accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Additionally, because defendants have not appeared in this action,

4

plaintiff has no recourse absent default judgment.  Finally, although decisions on the merits are favored, such a decision is impossible where the defendant declines to take part in the action.  *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008).  Accordingly, plaintiff is entitled to default judgment on its breach of contract claims.

      B.      <u>Damages</u>

Plaintiff asks that it be awarded damages in the amount of $245,153.95, plus accruing interest.  ECF No. 29 at 8-9.  Having thoroughly reviewed plaintiff's supporting declarations and business records, I find that plaintiff's damages are slightly less than the requested amount.

Each of the loan agreements provides that in the event of default, the lender may accelerate the amount due and require the borrower to immediately satisfy the outstanding balance.  ECF No. 1 at Ex. A ¶¶ 5.1-5.3, Ex. D ¶¶ 5.1-5.3, Ex. G ¶¶ 5.1-5.3.  The agreements further provide that plaintiff is entitled to take possession and dispose of the collateral, and is also entitled to recover any related expenses, included attorneys' fees, that it incurs.  *Id*.

In early 2024, defendants defaulted on their obligations, ECF No. 29-1 at 67-78, and on May 29, 2024, plaintiff elected to accelerate the balance due under the agreements, *id.* at 80-81.  At the time of acceleration, the amount due under each of the agreements—including principal, unpaid interest, and late fees—was as follows:

      First Agreement (No. 5001): $185,307.42;

      Second Agreement (No. 2001): $118,798.13;

      Third Agreement (No. 4001): $82,007.86;

ECF No. 29-1 at 83, 89, 95.  Pursuant to the terms of the loan agreements, upon acceleration defendants are obligated pay interest on all unpaid amounts at a rate of eighteen percent per annum.

Subsequent to commencing this case, plaintiff recovered possession of some of the collateral for each loan agreement, which it collectively sold for $205,549.91.  ECF No. 29-1 at 9-10.  The amount owed under the agreements as of February 10, 2025, after applying the proceeds from the sale of collateral and accounting for outstanding accrued interest, late fees, and cost of repossession, was as follows:

1                    First Agreement (No. 5001): $107,008.25;

2                    Second Agreement (No. 2001): $61,366.90;

3                    Third Agreement (No. 4001): $75,289.30;

4  ECF No. 29-1 at 83, 89, 95.[2]  Thus, plaintiff's is damages total $243,664.45, plus interest

5  accruing at a *per diem* rate of $114.42[3] from February 10, 2025, through the date judgment is

6  entered.

7         Accordingly, it is hereby RECOMMENDED that:

8         1. Plaintiff's motion for default judgment, ECF No. 29, be GRANTED.

9         2. The court enter judgment against defendants in the amount of $243,664.45, plus

10 interest accruing at a *per diem* rate of $114.42 from February 10, 2025, through the date judgment

11 is entered.

12        3. Plaintiff's request for attorneys' fees and costs be DENIED without prejudice to

13 renewal to a timely motion brought under Local Rule 292 and 293.

14        These findings and recommendations are submitted to the United States District Judge

15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

16 service of these findings and recommendations, any party may file written objections with the

17 court and serve a copy on all parties.  Any such document should be captioned "Objections to

18 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

---

[2] Plaintiff contends that as of February 10, 2025, its damages totaled $245,153.95, which is based information in electronic loan damage calculators ("LDC") that it maintained for each loan.  ECF No. 29-1 at 11-12.  The LDCs for both the first and third agreement provide a calculation of the total amount owed—accounting for principal, unpaid interest and fees, and credits for the proceeds from the sale of collateral—as of February 10, 2025.  ECF No. 29-1 at 89, 95.  The problem, however, is that the LDC for the second loan calculates the total amount owed as of April 1, 2025, which was $62,856.40.  *Id.* at 89.  Thus, defendant's calculation of its damages as of February 10, 2025, improperly includes interest that had yet to accrue.

The LDC for the second agreement shows that in the fifty days from February 10, 2025, to April 1, 2025, interest accrued at a *per diem* rate of $29.79.  When subtracting that amount, which totals $1,489.50, the total amount owed under the second agreement was $61,366.90, as of February 10, 2025.

[3] This *per diem* rate is calculated from the eighteen percent default rate, which is based on a 360-day year, and the $228,835.28 in total principal due under all three loan agreements.  ECF No. 29-1 at 83, 89, 95; *see* ECF No. 1 at Exs. A, D, G.

6

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 30, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE